482 NEW JERSEY MISCELLANEOUS REPORTS.

Supreme Court—Bound Brook, &c., Co. v. Wilson & English Const. Co.

BOUND BROOK CRUSHED STONE COMPANY v. WILSON & ENGLISH CONSTRUCTION COMPANY.

Decided April 30, 1927.

Sale of Goods—Goods Sold and Delivered—Defendant Alleges That Purchase of Goods was Not Made From Plaintiff but From Another Corporation, Against Whom They Have a Counter-claim—Goods Were Consigned From Plaintiff to Defendant, and Were Ordered Through the Other Corporation— Held, That the Other Corporation Acted as Sales Agent, and Whether Principal was Disclosed or Not, Plaintiff was the Principal and Real Creditor For Whom Judgment May be Entered Against Defendant.

On motion to strike out answer and for summary judgment.

Before Justice PARKER, at chambers.

For the plaintiff, *Harrison & Roche.*

For the defendant, *Hobart & Minard.*

PER CURIAM.

This is an action on a book account of goods sold and delivered. No question arises as to the delivery, or quantity or quality of the goods (crushed stone) nor as to the amount. The defense, as developed on the affidavits, is that the stone was not purchased from the plaintiff but from another and independent corporation called F. R. Upton, Incorporated, to whom, if to anyone, defendant is liable, and against whom defendant asserts a counter-claim substantially equal to the claim sued on. As authorized by the existing practice, defendant brought in F. R. Upton by an independent summons in this action, to which is attached a complaint asserting the counter-claim against F. R. Upton, Incorporated.

I am not concerned on this motion with the question whether defendant has a valid claim against F. R. Upton, Incorporated. The question before me is whether the plain-

tiff or F. R. Upton, Incorporated, is the owner of the primary claim for the stone.

The answer denies the complaint generally and denies any purchase from or account with plaintiff. There is an "objection in point of law" which was not passed, I think, at the argument, and which appears to be without substance.

Touching the denials in the answer there can be no question but that the stone delivered came from the quarries of the plaintiff and was consigned by plaintiff directly to defendant by rail. It is plain also that the sale was made through F. R. Upton, Incorporated, as "sales agent" or "branch office" of plaintiff, operative in an office building at Newark and without any physical possession of the property or of any muniments of title thereto. Whether defendant honestly believed it was buying crushed stone from F. R. Upton, Incorporated, under representations on which it was entitled to rely and for which plaintiff is accountable, may be in dispute, but on the papers before me there can be no doubt that F. R. Upton, Incorporated, was an agent or agency of plaintiff, and that the plaintiff was a principal, disclosed or undisclosed; just which, seems immaterial for present purposes, because the counter-claim is asserted only against F. R. Upton, Incorporated, and not against the plaintiff.

It appearing, therefore, that the plaintiff is the principal in the transaction and the real creditor, and no counter-claim being asserted as against it, judgment may be entered for the face of the claim on filing the usual assessments of damages.